UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Steven Mark Hayden, Jr.,

    Appellant

v.

Western Steel Inc., et al.,

    Appellees

Case No. 2:25-cv-01288-CDS
Case No. 25-12854-gs

**Order Affirming Bankruptcy Court's Dismissal and Denying as Moot Appellant's Motion to Decide**

[ECF No. 7]

    Pro se appellant Steven Mark Hayden, Jr. appeals an order entered by the United States Bankruptcy Court dismissing his case. Notice, ECF No. 1. Appellees Western Steel Inc. and the United States Trustee did not file a brief on appeal. The court has determined that oral argument is not necessary in resolving this appeal. On de novo review, I conclude that the bankruptcy court did not abuse its discretion in dismissing Hayden's involuntary petition as an abuse of process.[1]

**I.    Background**[2]

    Hayden's appeal challenges the bankruptcy court's dismissal of an involuntary petition as an abuse of process. In May 2025, Hayden, on behalf of the Cashion Family Trust, filed an involuntary petition commencing a chapter 7 bankruptcy case against Western Steel Inc. ECF No. 2. The petition, signed by Hayden, asserts that the Cashion Family Trust holds a $4 million demand promissory note against Western Steel. *Id.* Based on the information in the petition, the bankruptcy court determined that Hayden was attempting to file a second bankruptcy case against Western Steel, in violation of the single estate rule.[3] ECF No. 5. The court further

---

[1] I take judicial notice of the banktruptcy court's records. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining on appeal, the district court may take judicial notice of court filings and other matters of public record).

[2] All citations in this section are found in the underlying bankruptcy case. *See* Case No. 25-12854-gs.

[3] *See* Case No. 23-50118-gs. Hayden filed an involuntary petition commencing chapter 11 bankruptcy proceedings against Western Steel, making a claim for $1,530,000 based on a demand promissory note.

inferred that "numerous correlations between the Second Western Steel involuntary bankruptcy petition and the First Western Steel and Cashion Family Trust case indicate the [Second Western Steel] bankruptcy case is an attempt by the Haydens to circumvent the court's Vexatious Litigant Orders[.]" *Id.* at 4. So the court ordered Hayden to show cause why the chapter 7 bankruptcy case should not be dismissed as an abuse of process. *See generally id.* Hayden was ordered to file a written response by June 15, 2025, and to appear for a show-cause hearing on June 26, 2025. *Id.* at 5–6. On June 18, 2025, Hayden filed a notice of voluntary dismissal seeking to dismiss the petition without prejudice because the Cashion Family Trust was "unaware that [the chapter 11 case] is still open." ECF No. 15. Hayden's dismissal relied on Federal Rule of Bankruptcy Procedure 7041 and Rule 41 of the Federal Rules of Civil Procedure. However, the court opined that Hayden's reliance on Rule 7041 was misplaced because it is only applicable to adversary proceedings, and not to bankruptcy proceedings. ECF No. 16 at 3. It further found that Hayden's notice of dismissal did not divest the court from examining whether his filing constituted an abuse of process under § 105(a) of the Bankruptcy Code. *Id.* Because the case could not be voluntarily dismissed, the show-cause hearing remained on calendar. *Id.* Hayden was cautioned that his failure to appear in person at the June 26, 2025 hearing would result in dismissal as an abuse of process. *Id.* The court held the show cause hearing on June 26, 2025, but Hayden failed to appear so the bankruptcy court entered its order dismissing the involuntary bankruptcy case as an abuse of process under 11 U.S.C. § 105(a).

II.     Legal standard

This court has jurisdiction to hear this appeal of the bankruptcy court under 28 U.S.C. § 158(a). In a bankruptcy appeal, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re Berkeley Deaware. Ct., LLC*, 834 F.3d 1036, 1039 (9th Cir. 2016).

III. Discussion

    A. **Hayden's request to remand is denied**.

Hayden argues that the bankruptcy court erred by dismissing the involuntary chapter 7 case as an abuse of process without considering his "timely written response" that was "misdocketed in a related case." ECF No. 5 at 5. Hayden asserts that "[d]espite the misfiling of the response as ECF 137 in 23BK50118," the court entered the July 1 order dismissing the case as an abuse of process. *Id.* at 8. But Hayden does not appeal the bankruptcy court's decision to dismiss, instead challenges its finding that the filing constituted an abuse of process warranting dismissal under § 105(a). *Id.* at 9. Hayden seeks to vacate the abuse of process designation and remand the case to the bankruptcy court "to consider the timely June 15 response and dismiss on the proper statutory or neutral ground." *Id.* at 15.

As a threshold matter, I find that Hayden's written response to the bankruptcy court's order to show cause was untimely. First, Hayden alleges that his response was misdocketed and misfiled. This implies an error by the Clerk of Court. In reviewing the document, I find that Hayden provided the incorrect case number on the face of the document. *See* ECF No. 137 at 1 in 23-50118-gs. Therefore, it was not misdocketed or misfiled. The clerk properly filed the document in the case provided by Hayden. Second, that same document, titled "emergency motion to continue hearing or excuse appearance due to medical emergency," is dated June 24, 2025, and was filed on June 26, 2025, ten days **after** the imposed written response deadline.[4] Third, a review of the bankruptcy records reveals that no response to the show-cause order was filed on June 15 or 16, in either case. Hayden's attempted voluntary dismissal was dated June 15 and was electronically filed on June 18, 2025. ECF No. 15. Last, albeit after the fact, the bankruptcy court did consider Hayden's untimely motion. ECF No. 23 in 25-12854-gs (noting

---

[4] The bankruptcy court ordered a written response by June 15, 2025. However, because June 15 was a Sunday, the deadline to file a response became Monday, June 16, 2025. *See* Fed. R. Bankr. P. 9006. Hayden certified that he served a copy of the motion "on this 24th day of June, 2025." ECF No. 137 at 3 in 23-50118-gs.

3

that the motion and its attachments raise more questions than they answer). Because none of Hayden's arguments entitle him to the relief he seeks, his request to remand is denied.

### B. The bankruptcy court applied the correct legal rule.

Three days after the bankruptcy court's deadline for Hayden to show cause, Hayden filed a notice of voluntary dismissal under Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 15 in 25-12854-gs. However, the court found that because Hayden was seeking to dismiss a bankruptcy case, not an adversary proceeding, those rules did not apply. ECF No. 16 in 25-12854-gs. The court ruled that dismissal of an involuntary petition, like Hayden's, was governed by 11 U.S.C. § 303(j). *Id.* at 3. I agree. Here, Hayden was seeking to dismiss an involuntary chapter 7 case, not an adversary proceeding. Rule 7041 plainly governs dismissal of adversary proceedings. Therein, dismissal under Rule 41 applies. *See* Fed. R. Bankr. P. 7041. The bankruptcy court correctly found that Rules 7041 and 41 did not apply and therefore the case was not automatically dismissed. Thus, the court expressly retained jurisdiction over the involuntary petition and its order to show cause remained in effect.

### C. The bankruptcy court did not abuse its discretion dismissing under § 105(a).

Hayden does not contest any of the bankruptcy court's findings, instead seeks only "to vacate the abuse finding" or to dismiss "without an abuse label." ECF No. 5 at 11. He argues that "[a] court may not enter a stigmatizing abuse/bad-faith dismissal without affording a meaningful opportunity to be heard on the pertinent facts and arguments. *Id.*

#### 1. *Hayden received notice and an opportunity to be heard.*

The court set its show cause hearing for June 26, 2025. ECF No. 5 in 25-12854-gs. Hayden received notice of the court's show cause hearing on May 29, 2025. ECF Nos. 8–10 in 25-12854-gs. Hayden also received notice of a status conference that was rescheduled to June 26, 2025. ECF No. 14 in 25-12854-gs. Once the bankruptcy court determined that Hayden had not voluntarily dismissed the case, it reminded Hayden that he remained under order to appear in

4

person for the show cause hearing to address why the case should not be dismissed as an abuse of process. ECF No. 16 at 3 in 25-12854-gs. The court warned Hayden that failure to appear in person would "***result in the dismissal of the bankruptcy as an abuse of process***." *Id.* Hayden received sufficient notice and an opportunity to be heard before the court entered the dismissal order. The order to show cause gave Hayden one month to prepare a written defense and to explain why his case should not be dismissed as an abuse of process. He failed to timely file a response. Moreover, he failed to appear at the show-cause hearing to explain the purpose and nature of the improper filing. The court noted that Hayden's "failure to appear frustrates the Court's ability to fully examine and understand the basis for this filing in regard to the bad faith filing and inferences being drawn." Hr'g tr., ECF No. 6 at 13 in 25-12854-gs. His case was ultimately dismissed "[b]ased upon the order to show cause." *Id.* at 15.

### 2. *Section 105(a) grants the court broad powers to prevent bankruptcy abuse.*

The factual record supports the bankruptcy court's decision to dismiss Hayden's chapter 7 case sua sponte under § 105(a). In relevant part, Section 105(a) provides that:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). In other words, § 105(a) allows a bankruptcy court to dismiss a case sua sponte for abuse of process. *In re Tennant*, 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004).

Hayden's involuntary petitions are a small part of a lengthy history involving his family, Western Steel, and the Cashion family. In April 2025, Hayden's father was declard a vexatious litigant and permanently enjoined from initiating any voluntary or involuntary bankruptcy proceedings or adversary proceedings, on behalf of himself or any other individual or entity. *See* ECF No. 174 in 23-05012-gs; ECF No. 136 in 23-13563-gs. In its memorandum decision, the court noted that Hayden's father, Steven Mark Hayden, Sr., repeatedly filed bankruptcy proceedings

in continuing efforts to avoid the consequences of a final judgment entered by an Alabama state court against him in 2013. ECF No. 130 in 23-13563-gs. "That judgment also included a permanent injunction enjoining him from attempting to seize and control the assets of William Cashion and Western Steel, Inc." *Id.* "Unfortunately, Hayden's actions in bankruptcy demonstrate that his cases were not filed for any legitimate bankruptcy purpose." *Id.*

In the case at bar, considering this history and Hayden's petitions, the banktrupcy court expressed its concerns that the Haydens were attempting to circumvent Hayden, Sr.'s vexatious litigant prefiling injunction in "their dogged attempts to exert control over William B. Cashion's assets." ECF No. 5 at 4–5 in 25-12854-gs. The court denoted its obligation under 11 U.S.C. § 105(a) to act to prevent any actions constituting an abuse of process, and issued its order to show cause. *Id.* at 5. Hayden was required to explain why his case should not be dismissed as an abuse of process as a continuation of the violations detailed in its memorandum decision imposing a prefiling order on his father. *Id.* Further, Hayden was ordered to appear to provide testimony as to why the chapter 7 bankrutpcy case was not an abuse of process. *Id.* at 5–6.

As detailed above, Hayden was provided several opportunities to explain how his involuntary petition was not filed in bad faith or as an abuse of process. However, he failed to file a written response to the court's show-cause order and he failed to appear at the hearing. It is clear from the record that Hayden's actions constitute an abuse of the bankruptcy system and that the court acted "to prevent an abuse of process." Under such circumstances, dismissal of the case under § 105(a) was not an abuse of discretion.

**IV.   Conclusion**

Accordingly, the decision of the bankruptcy court is **affirmed**, and this matter is dismissed. Therefore, Hayden's motion to decide the appeal **[ECF No. 7] is denied as moot**.

The Clerk of Court is kindly directed to close this case.

Dated: December 15, 2025

_____
Cristina D. Silva
United States District Judge